IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT E. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-1314-NJR |
| | ) |
| STATE OF ILLINOIS, | ) |
| BOND COUNTY CIRCUIT COURT, | ) |
| JUDGE KNIGHT, | ) |
| DORA MANN, | ) |
| and BOND COUNTY SHERIFF | ) |
| DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Plaintiff, Robert E. Allen, was incarcerated in the Bond County Jail at the time he brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has since been transferred to the Taney County Jail in Forsyth, Missouri. (Doc. 11). Plaintiff claims that Defendants had been holding him illegally in the Bond County Jail pursuant to a "Fugitive from Justice" charge brought in Bond County Circuit Court, pending extradition to Taney County, Missouri. He seeks monetary damages as well as injunctive relief. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal.

### **The Complaint**

Plaintiff originally filed this action in the United States District Court for the Central District of Illinois on December 5, 2016. (Doc. 1). The action was transferred to this Court on December 7, 2016. In addition to the governmental entities named as Defendants, Plaintiff sues

2

two individuals: Bond County Circuit Court Judge Knight, and Bond County Assistant State's Attorney Dora Mann.

In the Complaint, Plaintiff states that since November 7, 2016, Defendants have been holding him illegally in the Bond County Jail on a Taney County, Missouri, charge of "Passing Bad Check of $500.00." (Doc. 1, p. 5). The check in question was written in Harrison, Arkansas, and deposited at a branch location of Arvest Bank, also in Harrison, Arkansas. Therefore, Plaintiff reasons, Taney County authorities have no legal jurisdiction to prosecute him for events that took place in Arkansas. As a result, Plaintiff asserts that the warrant issued by Taney County authorities is "invalid and illegal," and his detention thus amounts to federal kidnapping, unlawful imprisonment, and possibly other criminal violations. (Doc. 1, p. 5).

In the Bond County, Illinois, Circuit Court, Plaintiff was charged with being a "Fugitive from Justice," and his bond was set at $300,000. He was remanded to the custody of the Bond County Sheriff. *Id.* A hearing on the extradition process was set for December 6, 2016, before Bond County Circuit Judge Knight. (Doc. 1, p. 6). Plaintiff refuses to sign extradition papers to Taney County, Missouri, because he maintains authorities there have no legal jurisdiction to prosecute him. Further, he has proof of "many motions" that have been filed in the Taney County, Missouri, Circuit Court since 2011. *Id.*

As relief, Plaintiff asks this Court to conduct an "immediate" Franks and/or Spears hearing; order a federal investigation into the matter; bring and prosecute federal criminal charges against the "human Defendants" named herein; award him a cash settlement of $15 million for his actual/punitive/physical damages; and require Defendants to pay his court costs. (Doc. 1, p. 8).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to characterize the *pro se* action in a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Defendants have illegally detained Plaintiff in jail in Bond County, Illinois, pursuant to a Bond County criminal charge of "Fugitive from Justice," and a warrant arising from a Taney County, Missouri, criminal charge for passing a bad check.

For the reasons to follow, this claim fails to state a claim upon which relief may be granted, and it shall be dismissed.

Plaintiff's fundamental theory underlying his requests for damages, a hearing, and the other relief sought is that his pre-trial detention in the Bond County Jail is illegal. An examination into the legality of the Bond County criminal charge and detention order, as well as the jurisdictional basis for the Taney County, Missouri, charges which precipitated Plaintiff's detention, would necessarily require this Court to insert itself into the ongoing state court proceedings in both Illinois and Missouri. This is not a proper role for a federal court so long as the state court proceedings are continuing.

Under the abstention doctrine following *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must not take jurisdiction over a federal constitutional claim that might interfere with pending state court proceedings. See *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Under *Younger*, federal courts are required to abstain from interference in ongoing state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and

(3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). The "extraordinary" or "special" circumstances which might allow for an exception to the *Younger* abstention doctrine are generally limited to issues of double jeopardy and speedy trial. *Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573.

The *Younger* abstention doctrine is implicated here because the pending proceedings in both Bond County, Illinois, and Taney County, Missouri, are judicial in nature and involve the important state interest of adjudicating violations of state criminal laws. Further, there is no indication that either of the state proceedings would not provide Plaintiff with an adequate opportunity for review of any federal constitutional claims. And finally, no extraordinary circumstances are apparent which require federal intervention at this stage.

For these reasons, Plaintiff's request for this Court to conduct a Franks and/or Spears hearing in order to examine the basis for his detention, as well as his request for a federal investigation, cannot be granted because to do so would violate the *Younger* abstention doctrine. Furthermore, if Plaintiff wishes to pursue federal criminal charges against the two individuals named as Defendants, he must contact the United States Attorney for this District, who may bring criminal charges according to his discretion.

The request for this Court to conduct a jury trial to adjudicate Plaintiff's entitlement to

money damages arising from his allegedly "illegal" detention is also prohibited by the *Younger* doctrine. Several additional concerns are implicated due to the characteristics of the defendants named in this action.

In *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013), the Seventh Circuit explained that a plaintiff's claims for damages arising from an allegedly illegal search, seizure, and/or detention could not be raised in federal court while the criminal case in which those claims arose was still ongoing. Each of those constitutional issues could be litigated during the course of the criminal prosecution. If the federal court were to take jurisdiction over the claimed constitutional violations, the federal litigation could undermine the ongoing state court proceeding. *Gakuba*, 711 F.3d at 753 (citing *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (*en banc*); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (7th Cir. 1998)). A federal district court faced with a situation where a plaintiff raises a colorable federal civil rights claim for money damages should stay the federal claim, rather than dismiss it. This is because the claims might otherwise become time-barred by the time the state criminal case was concluded.

In this case, however, the Court finds that a stay of Plaintiff's claims is not appropriate, because the Complaint fails to raise a "colorable federal civil rights claim," as referenced in *Gakuba*, against any of the named defendants. Instead, this action shall be dismissed for failure to state a claim upon which relief may be granted.

It appears that the basis for Plaintiff's claim against Bond County Circuit Judge Knight is that the judge set his $300,000 bail, and remanded him to the custody of the Bond County Sheriff. Plaintiff cannot maintain a civil rights suit against the judge who set his bond and ordered him to be kept in custody, however, because judges, being sued solely for judicial acts,

6

are protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White,* 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989). Without a doubt, setting bail for a person who has been charged with a crime, and placing him in custody, are judicial acts. Plaintiff's claim for damages against Judge Knight thus cannot be sustained in federal court, and it must be dismissed with prejudice.

The prosecutor (Mann) is similarly insulated from a federal lawsuit seeking damages. "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994) (prosecutor is absolutely immune for actions taken as advocate); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence"). Therefore, Mann also must be dismissed from this action with prejudice.

Further, an overriding problem with any claim for damages based on either a Bond County court order or an order issued by the Taney County, Missouri, court, is that a lower federal court does not have jurisdiction to review orders of state courts. "Once a court issues an order, the collateral bar doctrine prevents the loser from migrating to another tribunal in search of a decision he likes better." *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300 (1955)). As the *Homola* court observed, "if a suit seeking damages for the execution of a judicial order is just a way to contest the order itself, then the *Rooker-Feldman* doctrine is in play," and the suit should be dismissed for lack of

7

jurisdiction. *See also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (civil rights action for damages for allegedly unconstitutional conviction or imprisonment cannot be maintained unless the judgment of conviction has first been reversed, expunged or declared invalid); *Haas v. Wisconsin*, 109 F. App'x 107 (7th Cir. 2004) (affirming dismissal for lack of jurisdiction of § 1983 claim for damages, injunctive, and declaratory relief based on allegedly unconstitutional municipal court orders). At the time this action was brought, Plaintiff was facing pending criminal charges in both Bond County, Illinois, and Taney County, Missouri. In either case, the state court is the proper forum to address any defenses Plaintiff may have, including challenging the court's jurisdiction to prosecute the charges against him.

Plaintiff also sued the State of Illinois, the Bond County Circuit Court, and the Bond County Sheriff Department. The Complaint fails to state a claim upon which relief may be granted against any of these governmental entities.

Under the Eleventh Amendment, Plaintiff cannot maintain his suit against the State of Illinois or any division of the state government. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). The Illinois court system is one of the three branches of the Illinois state government, and the Bond County Circuit Court is part of that judicial branch. ILL. CONST. 1970, art. VI. As such, the Eleventh Amendment bars a suit for money damages against the Bond County Circuit Court. Accordingly, the State of Illinois and the Bond County Circuit Court must be dismissed from the action with prejudice.

Finally, The Bond County Sheriff Department is a division of the municipality of Bond County, Illinois. In order to obtain relief in a civil rights action against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). None of Plaintiff's allegations suggests that an official policy, custom, or practice of the municipality of Bond County caused a Sheriff Department employee or any other Defendant to violate his rights. The claim against the Bond County Sheriff Department shall be dismissed without prejudice.

To summarize, **Count 1** shall be dismissed with prejudice as against the following Defendants: the State of Illinois, the Bond County Circuit Court, Knight, and Mann. **Count 1** shall be dismissed without prejudice against the Bond County Sheriff Department.

### Disposition

The single count in this action, **COUNT 1**, is **DISMISSED** for failure to state a claim upon which relief may be granted. The **STATE of ILLINOIS, BOND COUNTY CIRCUIT COURT, KNIGHT,** and **MANN** are **DISMISSED** from this action with prejudice, and Count 1 is dismissed with prejudice as to these Defendants. The **BOND COUNTY SHERIFF DEPARTMENT** is **DISMISSED** from this action without prejudice, and Count 1 is dismissed without prejudice as to this entity.

The dismissal of this action is without prejudice to Plaintiff bringing a future civil rights suit against a non-immune defendant involved in his detention, following the conclusion of his pending state prosecutions. Nothing herein shall be considered as a comment on the potential merits of such a lawsuit.

All pending motions are **DENIED as moot.**

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

DATED: March 20, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**